## Hartwell *vs.* Jewett.

Where a contract for labor was entered into for a term of time, at the end of which payment was to be made; and, before the time had expired, the plaintiff left without cause, and commenced a suit on a *quantum meruit*, for work and labor done, *held* that such suit could not be maintained until the original time of payment agreed upon had expired.

This was an action of assumpsit, founded on account for five months, $7\frac{1}{2}$ days work and labor, performed by the plaintiff, at the defendant's request, at $10 per month. There was a second count, of *quantum meruit*. The defendant plead the general issue, and gave notice of a set-off. The said action was referred to an auditor, who reported the testimony as follows :

The defendant testified, having been admitted without objection, that the plaintiff commenced work for him on the 14th day of November, 1833, under a contract that he was to labor one month ; and, if both parties liked, he was to continue for a year for $120.00 ; and that, by his understanding of the agreement, he was to pay at the end of the year, except such few articles or pay as plaintiff might occasionally want in that time.

The plaintiff commenced work under said contract November 14th, 1833, and continued to May 7th, 1834, when he left, without any sufficient reason. The defendant had knowledge that the plaintiff had left his service, as aforesaid, but declined paying him any thing. The plaintiff's action was commenced after the above transactions, June 3d, 1834, and is brought to recover compensation for said labor. There was other testimony to prove said contract of hiring for the year ; but none as to the *time* of payment. The plaintiff was not present at the trial, being out of the state.

The above facts were considered by the auditor, so far as they would go, in reduction of the compensation which the plaintiff was entitled to recover, and so far as the defendant's

claim for damages is concerned ; but were not regarded by him as sufficient to bar the action ; and at the request of the defendant the above testimony is specially reported, that any error may be corrected.

On this report it was contended, that the plaintiff had no cause of action, the suit having been brought prior to the time of payment specified in the contract, as set forth in said report ; and it was agreed that in case the court should be of opinion the action could be sustained, judgment should be rendered for the plaintiff, for the amount found by the auditor ; otherwise, a nonsuit should be entered.

*Sloan*, for the plaintiff.

*Quincy*, for the defendant.

UPHAM, J.   It has been suggested, in this case, that the contract made was not to continue for one year, if either party became dissatisfied within that time.   The terms of the contract are that the plaintiff was to labor one month ; and, if both parties liked, he was to continue for a year for $120 ; and the witness testifying as to the contract stated that it was his understanding of the agreement that the defendant was to pay at the end of the year.

We have no doubt, from this testimony, that this was the ordinary case of a hiring on trial ; and if both parties liked, after the expiration of a month, then the contract was to continue for a year.   Unless this was the case we see no reason for making any contract as to the month's labor, in distinction from the year.   The original contract to labor being *for one year*, as ultimately established by the parties, the question arises, whether that contract may in any manner be set up to prevent the plaintiff's recovering on a *quantum meruit* for any portion of labor during said time, *until the term of one year has fully expired*.

This question is adverted to in the case of *Britton* vs. *Turner*, 6 *N. H. R.* 481 ; but was not *there* settled.

The remark is made, " whether it is not necessary, in 'cases of this kind, that notice should be given to the em-'ployer that the contract is abandoned, with an offer of ad-'justment and demand of payment, and whether the laborer 'must not wait until the time when the money would have 'been due, according to the contract, before commenc-'ing an action, are questions not necessary to be settled in 'this case, no objections of that nature having been taken."

As this case has been saved expressly upon the objection as to time of payment, it becomes necessary to determine it in this instance.

The plaintiff's suit is entirely independent, so far as regards him, of any special contract. He claims under no such contract, and asks only for a *quantum meruit* on such labor as the defendant has actually received at his hands. This is the position in which he stands in court. But the court have already decided that where such labor was originally rendered in part fulfilment of a special contract, which the plaintiff has broken without cause, the circumstances under which this labor was rendered shall be considered ; and that the *quantum meruit* the plaintiff is to receive shall only be such compensation as, taking into consideration all the circumstances under which it was rendered, and the damage arising from his violation of his contract, the plaintiff reasonably deserves to have.

Such is the *quantum meruit* for his services. He sets up no contract, and sues upon none ; that is, no *special* contract. But the defendant, who has broken his contract in no manner, *does* set up the original contract, to show how and why this labor was rendered, and what the plaintiff reasonably deserves to have—if he deserves to have any thing of the defendant—under the circumstances in which such labor was performed.

The evidence does not go necessarily in bar of the action, but is designed to limit the claim to its real merits.

If the original contract can be set up to limit the plain-

tiff's claim to this extent,—which claim, to be sure, is not founded on such contract, but which grew out of it, and therefore has such connection with it that justice may well permit the original contract to be used in explanation of such claim or in defeat of it,—it can be no new principle which permits the defendant also to avail himself of the circumstances under which these services were rendered, so far as to prevent a recovery for them until such time as the plaintiff rightfully deserves such consideration.

If the defendant can set up such an original subsisting contract, to limit the plaintiff's claim, not founded on such contract, but on services growing out of it, he may equally well set up such contract to defer any rightful claim for payment of such services, until such time as he reasonably deserves to have such payment. If justice is to be effected by permitting such a defence, it equally requires the extension of that defence, so far as to protect the defendant from being harassed or pursued for payment of any claim for a portion of services growing out of a contract, before such period as he would have been bound to make payment had the whole services been faithfully performed.

It is desirable not to give the temptation of a payment of ready money, instead of a delayed payment, to those who already have, perhaps, too much encouragement, at least all they deserve, to faithlessness in fulfilment of their contracts.

We are of opinion that this defence may be set up fully within the *principle* of the decision of Britton *vs.* Turner ; and that the end sought to be obtained in that case, by providing such a defence as to the value of services, equally requires the defence here set up as to time of payment. In estimating the value of services performed, a call for payment prior to the time originally specified, has never heretofore been considered, to our knowledge, as diminishing the estimate of such value. Justice requires that the defendant should not be prejudiced in this respect ; and we think the defendant may set up the original contract, to show that,

though perhaps the plaintiff may deserve to have something, still that he cannot rightfully have any thing of the defendant until such time as the original contract, if fulfilled, would have been payable :

That he shall not receive compensation for services arising on *occasion of a contract,* sooner than he could have claimed payment for the same services, if such contract had been fully completed.

According to the case as drawn, therefore, there should be a
*Nonsuit entered.*